Kristine Grady Derewicz
Kate Arduini Blumenthal
LITTLER MENDELSON
A Professional Corporation
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA  19102.1321
267.402.3000 (t)
267.402.3131 (f)

*Attorneys for Defendant*
*North American Composites Company*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PATRICK ROBINSON,<br><br>                 Plaintiff,<br><br>v.<br><br>NORTH AMERICAN COMPOSITES,<br><br>                 Defendant. | Civil Action No.:<br><br>**Filed via ECF**<br><br>**NOTICE OF REMOVAL<br>OF ACTION** |

Defendants North American Composites Company (incorrectly identified by Plaintiff as "North American Composites," and hereinafter referred to as "Defendant" or "NAC"), by and through its undersigned counsel, state the following:

1.     Plaintiff Patrick Robinson ("Plaintiff" or "Mr. Robinson") commenced an action by filing a Complaint against NAC on or about November 2, 2015 in the Superior Court of New Jersey, Law Division, Atlantic County (the "Superior Court") styled *Patrick Robinson v. North American Composites*, at Docket No. ATL-L-2487-15 (the "Superior Court Action").

2.     On November 23, 2015, NAC received a copy of the Summons and Complaint. Receipt of these documents constitutes service of the initial pleading upon which NAC has been

given notice of Mr. Robinson's claims against it. A true and correct copy of the Complaint is attached hereto as Exhibit A.

3.    The Complaint purports to state a claim for race discrimination and hostile work environment under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, as well as a claim for race discrimination under the New Jersey Law Against Discrimination, N.J.S.A. § 10:5-1, *et seq.*

4.    This Court has original jurisdiction over this action under 28 U.S.C. § 1331 because the matter in controversy arises under the Constitution, laws, or treaties of the United States.

5.    Accordingly, the grounds for federal question jurisdiction are satisfied, and this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

6.    This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over the Complaint to the extent it purports to make a state law claim under the New Jersey Law against Discrimination because the state law claim is so related to the federal claim that they form part of the same case or controversy.

7.    By reason of the foregoing and pursuant to 28 U.S.C. § 1441, NAC desires and is entitled to have this case removed from the Superior Court of New Jersey, Atlantic County, to the United States District Court for the District of New Jersey.

8.    In accordance with 28 U.S.C. § 1446(b), this Notice of Removal has been filed within thirty (30) days after receipt of the Complaint by NAC.

9.    This Court is the district and division embracing the place where the Superior Court Action is pending for purposes of 28 U.S.C. § 1441(a).

10.　　True and correct copies of this Notice of Removal are being promptly field with the Superior Court and served this date upon Plaintiff's counsel of record.

WHEREFORE, Defendant North American Composites Company prays that this case be removed to this Court, that this Court accept jurisdiction of this Action, and that this Action be henceforth placed on the docket of this Court for all further proceedings as though the same Action had been originally instituted and commenced in this Court.

Respectfully submitted,


/s/ Kate Arduini Blumenthal
Kristine Grady Derewicz
Kate S. Arduini
LITTLER MENDELSON
A Professional Corporation
1601 Cherry Street, Suite 1400
Philadelphia, PA  19102.1321
267.402.3000 (t)
267.402.3131 (f)
kderewicz@littler.com
kblumenthal@littler.com

*Attorneys for Defendant North American Composites Company*

Dated: December 16, 2015

## CERTIFICATE OF SERVICE

I, Kate Arduini Blumenthal, hereby certify that I caused the foregoing **Notice of**

**Removal of Action** to be served, via U.S. mail and email, upon the following:


David M. Koller
**KOLLER LAW LLC**
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
davidk@kollerlawfirm.com

*Attorneys for Plaintiff Patrick Robinson*



/s/ Kate Arduini Blumenthal
Kate Arduini Blumenthal


Dated:  December 16, 2015

# EXHIBIT A

KOLLER LAW LLC
David M. Koller (037082002)
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: 215-545-8917
davidk@kollerlawfirm.com
*Attorney for Plaintiff*

RECEIVED and
FILED

NOV 02 2016

ATLANTIC COUNTY
LAW DIVISION

IN THE SUPERIOR COURT OF NEW JERSEY
OF ATLANTIC COUNTY
LAW DIVISION – CIVIL

| | |
|---|---|
| **PATRICK ROBINSON,**<br>Plaintiff, | : <br> : <br> : |
| v. | :    DOCKET NO. ATL-L-2181-16 <br> :    CIVIL ACTION |
| **NORTH AMERICAN COMPOSITES**<br>Defendant. | : <br> :    COMPLAINT AND <br> :    JURY DEMAND <br> : |

**COMPLAINT**

Plaintiff Patrick Robinson, through his counsel, Koller Law, by way of Complaint against

Defendant North American Composites, hereby says:

**IDENTIFICATION OF THE PARTIES**

1.  Plaintiff, Patrick Robinson ("Plaintiff") is an individual resident of the State of New

Jersey whose primary residence is located at 615 Woodbury Road, Mays Landing, NJ 08330.

2.  *Defendant North American Composites* ("Defendant") is a corporation operating an

office at 1460 Cattillion Blvd., Mays Landing, NJ 08330 and headquartered at 300 Apollo Drive,

Lino Lakes, MN 55014.

3.  Defendant is engaged in an industry affecting commerce and has had fifteen (15) or more

employees for each working day in each of twenty (20) or more calendar weeks in the current or

preceding calendar year.

## JURISDICTION AND VENUE

4. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

5. Jurisdiction and venue are proper in this Court as facts and circumstances that give rise to this Complaint occurred in the State of New Jersey, including in and around the County of Atlantic, and Plaintiff is at home in the County of Atlantic.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. On or about July 18, 2014, Plaintiff filed a complaint alleging discrimination under Title VII with the New Jersey Division on Civil Rights and the Equal Employment Opportunity Commission.

8. On or about October 21, 2015, Plaintiff requested a Dismissal and Notice of Rights as more than two-hundred and forty (240) days had elapsed since the complaint was filed.

9. Plaintiff has notified the Equal Employment Opportunity Commission of his intent to file in court.

10. Plaintiff exhausted his administrative remedies under Title VII.

## MATERIAL FACTS

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

12. Plaintiff was working for Defendant between in or about April 2013 until the present.

13. On or about May 5, 2014, Plaintiff was transferred to the position of Warehouse Forklift Operator.

14. Plaintiff is an African-American Male.

15. While employed by Defendant, Plaintiff was subjected to racially offensive remarks by his supervisor, Steve Last Name Unknown ("Steve").

16. Specifically, while Plaintiff was under the supervision of Steve, Steve made references to the African-American Workers as "Blacks," "monkeys," and other names which are inappropriate and racially offensive.

17. While employed by Defendant and under the supervision of Steve, Plaintiff was required to do the bulk of the work while his Caucasian co-workers were not subjected to this burden.

18. While employed by Defendant and under the supervision of Steve, Steve granted vacation requests of Caucasian employees in the same department as Plaintiff while denying identical vacation requests of Plaintiff and other similarly situated employees.

19. Plaintiff has complained to Defendant and filed at least four (4) grievances beginning in or about April 2013 through in or around May 2014.

20. Despite Plaintiff's grievances, Defendant failed to correct and/or put an end to the discriminatory treatment of Plaintiff and others similarly situated.

21. On or about July 18, 2014, Plaintiff filed a complaint with the New Jersey Division on Civil Rights ("DCR"), Docket No. EA12RB-64718 (a true and correct copy of which is attached hereto as Exhibit "A").

22. Plaintiff's complaint was duly filed with the Equal Employment Opportunity Commission ("EEOC"), EEOC No. 17E-2014-00447. *See* Ex. A.

23. On or about October 3, 2014, Plaintiff withdrew his complaint from DCR in order to pursue the case in State Superior Court. A true and correct copy of the letter from DCR closing Plaintiff's complaint is attached hereto as Exhibit "B".

24. Plaintiff requested a Notice of Rights from EEOC on October 21, 2015. A true and correct copy of the letter to the EEOC requesting dismissal and a Notice of Rights is attached hereto as Exhibit "C".

3

## COUNT I – Violation of New Jersey Law Against Discrimination
### N.J.S.A. 10:5-12

25. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

26. The New Jersey Law Against Discrimination ("LAD") makes it unlawful for an employer to discharge an employee or discriminate against such employee in compensation or in terms, conditions, or privileges of employment on the basis of race.

27. Plaintiff is a member of a protected class, in that he is African-American.

28. *Others not of Plaintiff's race were treated more favorably when requesting vacation days.*

29. Plaintiff and others within his protected class were subjected to a greater bulk of required work than those outside of his protected class.

30. Plaintiff was not compensated more than those outside of his protected class for completing more work than those outside his protected class.

31. Plaintiff and others within his protected class were subjected to a hostile work environment.

32. Specifically, Defendant, by and through its agents and employees, referred to Plaintiff and others within his protected class as "Blacks", "monkeys", and other racially offensive terms and names.

33. Those outside of Plaintiff's protected class were not subjected to such a hostile work environment.

34. No legitimate, non-discriminatory reason exists for Defendant's discriminatory treatment of Plaintiff.

35. Defendant, by and through its agents and employees, discriminated against Plaintiff on the basis of his race in violation of the LAD.

36. As a result of Defendant's discrimination, Plaintiff suffered harm.

**WHEREFORE**, Plaintiff, Patrick Robinson, requests that the Court grant him the relief against Defendant, North American Composites, in the Prayer for Relief, *infra*.

**COUNT II – Race Discrimination-Disparate Treatment**
**Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.**

37. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

38. Title VII makes it unlawful for an employer to discriminate against any individual with respect to his compensation, terms, conditions, and/or privileges of employment because of that individual's race.

39. Plaintiff is a member of a protected class, in that he is African-American.

40. The foregoing conduct by Defendant constitutes unlawful discrimination against Plaintiff on the basis of his race, *inter alia*, Defendant treated those outside Plaintiff's protected class more favorably than Plaintiff and others situated within Plaintiff's protected class with regards to requests for vacation days and being subjected to the bulk of the work assigned.

41. Plaintiff was not compensated more than those outside of his protected class for completing the work assigned to him in excess of those outside of Plaintiff's protected class.

42. No legitimate, non-discriminatory reason exists for Defendant's disparate treatment of Plaintiff.

43. Defendant, by and through its agents and employees, discriminated against Plaintiff on the basis of his race in violation of Title VII.

44. As a result of Defendant's discrimination, Plaintiff suffered harm.

**WHEREFORE**, Plaintiff, Patrick Robinson, requests that the Court grant him the relief against Defendant, North American Composites, in the Prayer for Relief, *infra*.

## COUNT III – Race Discrimination-Hostile Work Environment
## Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*

45. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

46. Title VII makes it unlawful for an employer to discriminate against any individual with respect to his compensation, terms, conditions, and/or privileges of employment because of that individual's race.

47. Plaintiff is a member of a protected class, in that he is African-American.

48. The foregoing conduct by Defendant constitutes unlawful discrimination against Plaintiff on the basis of his race, *inter alia*, Plaintiff was subjected to unwelcome, race-based harassment which unreasonably interfered with Plaintiff's work performance by creating an environment that was intimidating, hostile, and/or offensive.

49. To wit, Defendant's behavior included, *inter alia*, referring to Plaintiff and others within his protected class as "Blacks," "monkeys," and other racially offensive names and/or terms.

50. Others outside of Plaintiff's protected class were not subjected to such a hostile work environment.

51. No legitimate, non-discriminatory reason exists for Defendant's harassment of Plaintiff.

52. Defendant, by and through its agents and employees, discriminated against Plaintiff on the basis of his race in violation of Title VII.

53. As a result of Defendant's discrimination, Plaintiff suffered harm.

**WHEREFORE**, Plaintiff, Patrick Robinson, requests that the Court grant him the relief against Defendant, North American Composites, in the Prayer for Relief, *infra.*

6

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, Patrick Robinson, requests that the Court grant him the following relief against Defendant, North American Composites:

(a) Compensatory damages;

(b) Punitive damages (where appropriate);

(c) Liquidated damages (where appropriate);

(d) Emotional pain and suffering;

(e) Reasonable attorneys' fees;

(f) Recoverable costs;

(g) Pre- and post- judgment interest;

(h) An allowance to compensate for negative tax consequences;

(i) A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of the LAD and Title VII;

(j) Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(k) Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions; and

7

(l)  Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the statutory provisions sued hereunder.

### CERTIFICATION

Pursuant to R. 4:5-1, it is hereby certified that, to the best of my knowledge, the matter in controversy is not subject of any other action pending in court or arbitration proceedings, and no other action is contemplated. I hereby also certify that to the best of my knowledge, and after diligent inquiry, the statements in the Answer and the allegations made in the Counterclaim are true and correct. I understand that if any of the foregoing is willfully false, I am subject to punishment.

### JURY DEMAND

The Plaintiff hereby demands trial by jury as to all issues and counts.

Respectfully Submitted,

KOLLER LAW LLC

Dated: October 30, 2015

David M. Koller, Esq.
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
(t) 215-545-8917
(f) 215-575-0826
davidk@kollerlawfirm.com
*Attorney for Plaintiff*

8

# Exhibit A



-Scan
-See email
Cersagement
lett)

CHRIS CHRISTIE
GOVERNOR

KIM GUADAGNO
LT. GOVERNOR

JOHN J. HOFFMAN
ACTING ATTORNEY GENERAL

CRAIG SASHIHARA
DIRECTOR

*STATE OF NEW JERSEY*
OFFICE OF THE ATTORNEY GENERAL
DEPARTMENT OF LAW AND PUBLIC SAFETY
DIVISION ON CIVIL RIGHTS
TRENTON, NJ 08625-0089

ADDRESS REPLY TO:

July 18, 2014

Patrick L. Robinson
615 Woodbury Road
Mays Landing, New Jersey 08330

Re:    Patrick L.Robinson v. North American Composites
       Docket No.: EA12RB-64718
       EEOC No.: 17E-2014-00447

Dear Mr. Robinson:

    We hereby acknowledge receipt of your complaint which has been assigned the above docket number. Your complaint has been served on the named respondent who is required to provide specific information in relationship to the allegations contained in your charge. When the Division has completed its review of the Explanatory Answer to the Verified Complaint and/or Document & Information Request submitted by the Respondent, it will determine if it is appropriate to mediate the above captioned matter.

    If your case is selected for mediation, the mediation coordinator will contact you to schedule a date for the conference. If it is not appropriate to mediate the above captioned matter, you will be contacted by an investigator once your case has been assigned.

    **Initial processing of your charge may take approximately six to eight weeks. No additional information regarding your complaint will be available during this time.**

    Complainants who retain an attorney for representation are to inform their representative that the Division on Civil Rights requires a Notice of Appearance to be submitted to the office handling the complaint. <u>Failure to comply with this requirement will adversely affect your attorney's ability to effectively represent your interest before this Agency.</u>

    Complainants shall promptly notify the Division of any change in address at all times while the verified complaint is pending.

Bureau of Enforcement

Atlantic City Office
1326 Boardwalk
Tennessee Ave. & Boardwalk
Atlantic City, NJ 08401
609-441-3100

Camden Office
One Port Center
2 Riverside Drive
Suite 402
Camden, NJ 08103
856-614-3550

Newark Office
P.O. Box 46001
Newark, NJ 07102
973-648-2700

Trenton Office
PO Box 090
Trenton, NJ 08625-0090
609-292-4605

Housing Investigations Unit
PO Box 090
Trenton, NJ 08625-0090
609-292-4605

Bureau of Prevention, Outreach & Public Education

P.O. Box 089
Trenton, NJ 08625-0089
609-292-3918

Office of the Director

P.O. Box 46001
Newark, NJ 07102
973-648-2700

Conciliation Unit
P.O. Box 46001
Newark, NJ 07102
973-648-2700

Mediation Unit
P.O. Box 46001
Newark, NJ 07102
973-648-2700



*NEW JERSEY IS AN EQUAL OPPORTUNITY EMPLOYER · PRINTED ON RECYCLED PAPER AND RECYCLABLE*

CIVIL RIGHTS

Inquiries should be directed to Ron White, Investigator, at telephone number (609) 441-3573 between the hours of 8:30 a.m. and 4:30 p.m. Monday through Friday.

In further correspondence on this matter, please use the docket number shown above. Thank you for your prompt attention to this matter.

Very truly yours,

Diane L. Miller
Regional Manager

C040
Encl.
(X) Verified Complaint
(X) EEOC Service Letter
(X) Method of Service of Pleadings



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Philadelphia District Office

801 Market Street
Penthouse 1300
Philadelphia, PA 1910·
(215) 440·1500
TTY (215) 441·2610

EEOC Charge No.: 17E-2014-00447      Date: July 18, 2014

Your charge of employment discrimination as filed with the New Jersey Division on Civil Rights (NJDCR) will also be forwarded to the Philadelphia District Office of the U.S. Equal Employment Opportunity Commission (EEOC) for dual filing. This dual-filing is done in order to preserve your federal rights as explained below. The EEOC charge number will be assigned by the NJDCR in addition to NJDCR's own docket number. This letter, which will be sent to you by the NJDCR, constitutes your notification of the dual-filing with EEOC. The Respondent named in your charge will also be notified by NJDCR of the dual-filing with EEOC.

The EEOC will refrain from any processing of your charge until such time as the NJDCR completes its processing and issues final findings and orders. At that time, the NJDCR will notify the EEOC of the closure so that EEOC can review the NJDCR finding. Those final findings and orders may be adopted by EEOC and the EEOC case would then be closed based on the NJDCR proceedings.

However, under Section 1601.76 of EEOC's regulations, you are entitled to request that EEOC perform a Substantial Weight Review of the NJDCR's final finding. To obtain this review, you must request it by writing to EEOC within 15 days of your receipt of NJDCR's final finding in your case. Otherwise, EEOC will generally adopt the NJDCR's findings.

To request the Substantial Weight Review, you should address your request to the address shown in the letterhead above, to the attention of the State and Local Unit. In addition, you should provide as much specific detail as possible as to why you are dissatisfied with the NJDCR investigation or finding.

While your charge is being investigated by the NJDCR, you should address any concerns or additional information concerning your charge or the NJDCR investigation directly to the NJDCR. This will ensure that such concerns or information are provided to the appropriate person(s). Please do not contact EEOC directly as EEOC will not be able to assist you while the charge is being processed by NJDCR.

The dual-filing of the charge with EEOC will preserve your rights to file a private lawsuit in federal district court as follows:

a. If your charge is filed under Title VII of the Civil Rights Act of 1964, as amended (Title VII)(that is, based on race, sex, color, religion or national origin) or under the Americans with Disabilities Act of 1990, as amended (ADA) (that is, based upon mental or physical disability), you can only file a lawsuit in Federal Court if EEOC first issues you a Notice of Right to Sue. To obtain such a Notice, you must wait for 240 days from the date you filed your charge with NJDCR. You must thereafter make a written request for issuance of the Notice of Right to Sue. This request can be sent directly to EEOC at the address shown in the letterhead above or you can send the request to the NJDCR for forwarding to EEOC. If you choose to send the request directly to EEOC, be sure to forward a

copy to NJDCR. Upon its receipt, EEOC will issue you the Notice of Right to Sue and you would have 90 days in which to file suit. The issuance of the Notice of Right to Sue will normally result in EEOC terminating all further processing.

b. If your charge is filed under the Age Discrimination in Employment Act of 1967 as amended (ADEA), (that is, based on age 40 or older), you do not have to request a Notice of Right to Sue from EEOC if you wish to file a lawsuit in Federal Court. Instead, you must wait at least 60 days from the date you filed your charge with the NJDCR, regardless of the status of the NJDCR or EEOC processing. Thereafter, you can file a private lawsuit directly in Federal Court without first contacting EEOC in any manner, but you are still required to notify NJDCR of the lawsuit so that NJDCR can cease processing.

If based upon EEOC's review of NJDCR's final finding, the EEOC determines that the finding should be accepted as the basis for EEOC's closure, you will be so notified in writing. If the NJDCR closure is for any reason other than a successful settlement or a withdrawal, the EEOC closure will also include a Notice of Right to Sue. This applies to charges filed under Title VII, the ADA and/or the ADEA. In such an event, you would then have 90 days from the date of your receipt of the Notice of Right to Sue to file suit in federal district court.

EEOC's regulations require that you notify EEOC of any change in address and keep us informed of any prolonged absence from your current address. However, if the NJDCR is still processing your charge, you should forward any such notification or change of address directly to the NJDCR. You should also cooperate fully with the NJDCR in its processing of your charge.

Should you contact EEOC to request a Substantial Weight Review or to request a Notice of Right to Sue, please include the EEOC Charge Number shown at the top of page 1 in your correspondence to EEOC.

Sincerely,


Marie M. Tomasso, District Director

STATE OF NEW JERSEY
DEPARTMENT OF LAW & PUBLIC SAFETY
DIVISION ON CIVIL RIGHTS
DOCKET NUMBER: EA12RB-64718
FEDERAL CHARGE#: 17E-2014-00447

PATRICK L ROBINSON,
COMPLAINANT,

-vs-

NORTH AMERICAN COMPOSITES,
RESPONDENT.

)
)
)
)
)
)
)
)
)
)
)
)
)

Verified Complaint
Received and Recorded
Date:07/17/2014
Department of Law and Public Safety
Division on Civil Rights
By REW

1. The Complainant resides at:

PATRICK L ROBINSON
615 WOODBURY ROAD
MAYS LANDING NJ 08330
ATLANTIC COUNTY

2. To the best of Complainant's knowledge and belief, the Respondent is known as: NORTH
AMERICAN COMPOSITES and is located at:

NORTH AMERICAN COMPOSITES
1460 CATTILLION BOULEVARD
MAYS LANDING NJ 08330

3.  Charge of Discrimination
The above named Respondent is hereby charged with unlawful discrimination in violation of the named statutes with respect to the following charges:

3.1 Differential Treatment because of Race/Black in violation of Title VII of the Civil Rights Act of 1964(Title VII)

3.2 Differential Treatment because of Race/Black in violation of NJ Law Against Discrimination (NJSA 10:5-12a)

3.3 Hostile Environment/Racial because of Race/Black in violation of Title VII of the Civil Rights Act of 1964(Title VII)

3.4 Hostile Environment/Racial because of Race/Black in violation of NJ Law Against Discrimination(NJSA 10:5-12a)

4.  THE CHARGE IS BASED ON THE FOLLOWING:

4.1 Complainant belongs to a protected class, in that, he is Black..

4.2 Respondent hired Complainant as a warehouse forklift operator on or about May 5, 2014.

4.3 Complainant alleges that his supervisor, Steve, grants vacation requests of Caucasian employees in the same department to take time off while denying identical vacation requests of Complainant and the one other Black employee.

4.4 Complainant further alleges that his supervisor unfairly requires him to do the bulk of the work while his Caucasian co-workers do have this burden placed upon them.

4.5 Complainant alleges he was subjected to hostile environment racial harassment because of his race.

4.6 Complainant alleges he was subjected to racially offensive remarks by his supervisor, Steve. Specifically, Respondent's supervisor, Steve, makes references to Blacks and monkeys and inappropriately refers to other Blacks by offensive names.

4.7 Complainant has complained and filed at least four (4) grievances beginning in April, 2013 and ending in May, 2014 and Respondent has failed to remedy the situations.

4.8 Complainant alleges that when a Caucasian female employee complained about the same supervisor Respondent took action by suspending the supervisor.

5. RESPONDENT'S REASON FOR ADVERSE ACTION:

   5.1 Respondent has provided no reason for why the differential treatment and hostile environment continues.

6. DISCRIMINATION STATEMENT:

   6.1 Complainant alleges that the conduct to which he was subjected to was solely because of his race/Black; and Respondent knew or should have known about the differential treatment and hostile environment but failed to take prompt, effective remedial action.

7. Said acts of discrimination occurred in the County of Atlantic in the State of New Jersey.

8. The Complainant requests whatever relief is provided by law including, but not limited to, compensatory damages for economic loss, humiliation, mental pain and suffering.

9. The Complainant has not instituted action in any court, either criminal or civil, regarding this matter.

PATRICK L ROBINSON
COMPLAINANT

STATE OF NEW JERSEY )

) SS:

COUNTY OF ATLANTIC )

PATRICK L ROBINSON of full age, being duly sworn according to law deposes and says; that he/she is the Complainant herein; that he has read the foregoing Complaint and knows the content thereof; that to the best of his knowledge, information and belief, the facts alleged therein are true.

PATRICK L ROBINSON
COMPLAINANT

<u>N O T I C E</u>

<u>METHOD OF SERVICE OF PLEADINGS</u>

<u>PLEASE BE ADVISED OF THE FOLLOWING RULES GOVERNING SERVICE OF
PLEADINGS IN MATTERS PENDING BEFORE THE DIVISION ON CIVIL RIGHTS.</u>

The Division on Civil Rights' rules of practice and procedure
provide that:

(a) Prior to transmittal to OAL, unless otherwise instructed     by
the Director, every order and subsequent pleading to the     original
complaint, every motion and every written notice, brief or memorandum of
law shall be served by mailing copies to all parties, by registered or
certified mail, return receipt requested, within three days of said
filing.

(b) Such document shall not be deemed served until an affidavit of
mailing to all other parties is filed with the Division at the time of
or subsequent to filing the pleading.

(c) When any party has appeared through or is represented by an
attorney, service upon such attorney shall be deemed valid service upon
the party in all cases unless timely written notice of withdrawal or
substitution of such attorney is served upon the Director and all other
parties.

<u>N.J.A.C.</u> 13:4-7.1.  Pleadings include "complaints, answers, amendments
to complaints and answers, motions and orders of the Director." <u>N.J.A.C.</u>
13:4-5.1.

Therefore, all parties, upon filing with the Division any <u>complaint,
answer, amendment to a complaint and answer, motion, brief or memorandum
of law,</u> must adhere to the above service requirements, including but not
limited to mailing copies to all parties to the proceedings by registered
or certified mail.  In the interest of justice, including when a party
is unrepresented by counsel, these requirements may be relaxed.  <u>N.J.A.C.</u>
13:4-1.2(b).

CO45

## MOTION PRACTICE

Except where provided by the Division's rules of practice and procedure, N.J.A.C. 13:4-1.1 et seq., motion practice before the Division is governed by the Rules Governing the Courts of New Jersey. N.J.A.C. 13:4-6.2. The Division's rules also provide that:

(a) Prior to transmittal to OAL, unless otherwise instructed by the Director, every order and subsequent pleading to the original complaint, every motion and every written notice, brief or memorandum of law shall be served by mailing copies to all parties, by registered or certified mail, return receipt requested, within three days of said filing.

(b) Such document shall not be deemed served until an affidavit of mailing to all other parties is filed with the Division at the time of or subsequent to filing the pleading.

(c) When any party has appeared through or is represented by an attorney, service upon such attorney shall be deemed valid service upon the party in all cases unless timely written notice of withdrawal or substitution of such attorney is served upon the Director and all other parties.

N.J.A.C. 13:4-7

Therefore, if a party wishes to seek relief before the Director, the party must file a notice of motion, letter brief, affidavit of mailing and if facts are being relied upon in support of the motion, affidavits. Upon receipt of moving papers by a party, the Director's office or regional offices shall immediately send the papers to the Assistant Director, Bureau of Policy. The party's adversary will be given a reasonable amount of time within which to respond to the motion and the moving party will also be provided with a reasonable amount of time within which to reply.

In the interest of justice, including when a party is unrepresented by counsel, these rules may be relaxed. N.J.A.C. 13:14-1.2 (b); R. 1:1-2.

If legal staff within the Bureau of Policy determines that the moving papers have been adequately filed, a confirming letter will be sent to the moving party. If the papers are inadequate, the moving party is requested to submit any of the following: notice of motion, letter brief, affidavit of mailing, affidavit.
Unless these pleadings are filed with the Director within 10 days from the moving party's receipt of this letter, the case file will be forwarded to the regional office for further investigation.

Once the bureau has reviewed all of the relevant information pertaining to the motion, the party will be provided with a written determination.

# Exhibit B



**SCANNED**

CHRIS CHRISTIE
GOVERNOR

KIM GUADAGNO
LT. GOVERNOR

**STATE OF NEW JERSEY**
OFFICE OF THE ATTORNEY GENERAL
DEPARTMENT OF LAW AND PUBLIC SAFETY
DIVISION ON CIVIL RIGHTS
TRENTON, NJ 08625-0089

JOHN J. HOFFMAN
ACTING ATTORNEY GENERAL

CRAIG SASHIHARA
DIRECTOR

October 3, 2014

Patrick L. Robinson
615 Woodbury Road
Mays Landing, New Jersey 08330

Re:   Patrick L. Robinson v. North American Composites
      Docket No.: EA12RB-64718
      EEOC No.: 17E-2014-00447

Dear Mr. Robinson:

Please take notice that our file in the above entitled matter has been closed as you have withdrawn your complaint, so that you may pursue the case in State Superior Court.

Further, pursuant to this State's File Retention Schedule, it is the intention of the Division to destroy the above referenced file Three (3) years after the date of closing or three (3) years after any final court action, whichever is later.

Thank you for bringing this matter to our attention.  If we can be of assistance to you in the future, please do not hesitate to call upon us.

Very truly yours,

Diane L. Miller
Regional Manager

rew/K050

cc:   Attn: David M. Koller, Esq.
      Law Offices of Koller Law, P.C.
      2043 Locust Street, Suite 1B
      Philadelphia, PA 19103

ADDRESS REPLY TO:

Bureau of Enforcement

☐ Atlantic City Office
1325 Boardwalk
Tennessee Ave. & Boardwalk
Atlantic City, NJ 08401
609-441-3100

☐ Camden Office
One Port Center
2 Riverside Drive
Suite 402
Camden, NJ 08103
856-614-2550

☐ Newark Office
P.O. Box 46001
Newark, NJ 07102
973-648-2700

☐ Trenton Office
PO Box 090
Trenton, NJ 08625-0090
609-292-4605

☐ Housing Investigations Unit
PO Box 090
Trenton, NJ 08625-0090
609-292-4605

Bureau of Prevention, Outreach & Public Education

☐ P.O. Box 089
Trenton, NJ 08625-0089
609-292-2918

Office of the Director

☐ P.O. Box 46001
Newark, NJ 07102
973-648-2700

☐ Conciliation Unit
P.O. Box 46001
Newark, NJ 07102
973-648-2700

☐ Mediation Unit
P.O. Box 46001
Newark, NJ 07102
973-648-2700



# Exhibit C

## LAW OFFICES OF
## KOLLER LAW LLC

DAVID M. KOLLER                                    *Licensed in Pennsylvania and New Jersey*

October 21, 2015

**Via First Class Mail**
Marie M. Tomasso
District Director
U. S. Equal Employment Opportunity Commission
Philadelphia District Office
801 Market Street, Suite 1300
Philadelphia, PA 19107-3127

      RE:   **Patrick Robinson v. North American Composites**
              **Charge No. 17E-2014-00447**

Dear Ms. Tomasso:

      Please issue a right to sue letter upon request of my client, Charging Party Patrick Robinson, relative to the above captioned matter, as it has been more than two-hundred and forty (240) days from the date the charge was filed. Mr. Robinson intends to file a complaint in court relating to the conduct alleged in his charge. You can forward the Notice of Right to Sue to me at my firm's address listed below.

      If you have any questions or concerns regarding this request please let me know.

      Thank you.

                        Very Truly Yours,
                        KOLLER LAW, LLC

                        David M. Koller, Esq.